## Brown Estate

228

*E. Perry Campbell* and *Craig Huston*, for accountants.

TAXIS, P. J., June 27, 1957.—The account shows a balance of principal for distribution of $117,637.46, which is composed of the shares of stock totaling $91,-102.28, United States Treasury Bills totaling $23,-805.46, watch and chain of the inventory value of $25, furniture $85, and cash, and a balance of income for distribution of $1,482.43.

The accountants requested, and there is awarded back to them, the sum of $25,000 to provide for the payment of Federal estate tax as it may be found to be due.

Howard B. Brown has declined to act as testamentary trustee.

The transfer inheritance tax has been paid on the bequest and life estate only. The tax on the remainder has not been paid.

All parties in interest have submitted their petition praying that the situs of the trust be changed to the State of California inasmuch as there are no longer any parties connected with the trust who are residents of the Commonwealth of Pennsylvania. The prayer of the petition is granted and the situs of the trust is changed to the State of California as set forth in said petition.

A question has been presented concerning the apportionment of Federal estate tax attributable to life insurance; more particularly, whether such tax may

be paid out of the principal of the residuary estate or whether (1) income payments from the testamentary estate, (2) income payments from the trust under the will of the life tenant of such trust and (3) income payments to the annuitant of the life insurance trust, must be withheld and accumulated until the proportionate share of the tax on the life insurance has been contributed by the life tenant.

The court is requested to construe decedent's will to determine whether the Federal estate tax attributable to the life insurance may be paid out of the principal of the residuary estate, which amounts to $119,-119.89, or whether income payments from the trust under the will to Louise B. Gregg, the life tenant of such trust, must be withheld in order to reimburse the principal for this tax.

The Federal estate tax has not as yet been paid. The tax is estimated to be approximately $25,000 and the Federal estate tax attributable to the $50,000 life insurance trust is estimated to be approximately $6,-500.

There is no provision in decedent's will concerning the payment of taxes.

Included in the gross estate for Federal estate tax purposes, in addition to the assets in the present accounting, are three life insurance policies aggregating $50,000. Under the terms of the trust agreement endorsed on each of the policies, the principal amount of each policy upon the death of J. Newlin Brown is to be retained by the insurer and interest thereon paid to his daughter, Louise B. Gregg, in monthly instalments as long as she shall live. The monthly instalments received by Louise B. Gregg amount to $143.50 per month, or $1,722 per annum. Upon the death of Louise B. Gregg, the fund shall be paid by the company in a lump sum to Girard Trust Corn Exchange Bank, trustee under an agreement dated June 14,

1938, by the provisions of which the income should be paid to Mary Louise Gregg, now Mackie, the only child of Louise B. Gregg, as long as she shall live, with remainder to her children after 21 years of age.

Attached to the petition for adjudication is a consent signed by Mary Louise Gregg Mackie, only daughter of Louise B. Gregg, remainderman under the trust created under decedent's will, and the life tenant under the life insurance trust agreement, who is sui juris and agreeing to apportionment of the Federal estate tax attributable to the life insurance to the principal of the residuary estate. The accountant also requested the court to apportion such tax to the principal of decedent's residuary estate.

Section 2 of the Estate Tax Apportionment Act of August 24, 1951, P. L. 1405, provides that estate tax "shall be apportioned equitably, as near as may be in accordance with the principles" stated in the act. Section 3(b) provides that "in a situation involving both a present and future interest", the amount apportioned "shall be paid entirely from principal . . ." There can be, therefore, no question about the tax on the life estate in the testamentary trust, which should be paid from principal. By analogy, the same procedure should be followed in paying the tax on the life insurance. It is clear that testator intended his daughter, Louise B. Gregg, as the primary object of his bounty.

Equity and justice urge the conclusion that the tax be apportioned to the principal of the residuary estate. An unequitable result would follow from a withholding of payments to Louise B. Gregg. The same parties are involved in the trust and in the life insurance. Louise B. Gregg, daughter of decedent, is the life tenant of the trust. Her daughter, Mary L. G. Mackie, who is now 24 years of age, has the remainder interest in the trust at 30 years of age. Louise B. Gregg is

the annuitant of the life insurance instalments during her life and Mary L. B. Mackie is the life tenant of the life insurance trust to be set up upon the death of Louise B. Gregg. Both Louise B. Gregg and Mary L. G. Mackie desire that the tax on the life insurance be paid out of the principal of the residuary estate. Cf. Biddle Estate, 3 D. & C. 2d 775.

A somewhat similar situation was involved in Biddle Estate, supra. In that case the court pointed out that it would be a harsh result if the life tenant had to personally contribute the tax, that it might take 10 years before he could enjoy any income from the trust. A similarly harsh result would follow in the instant case. I conclude, therefore, that the Federal estate tax attributable to life insurance be paid out of the residuary estate.

The net ascertained balance of principal for distribution is awarded to Louise B. Gregg, remaining trustee, subject to her filing bond, with approved security, in this court, in the sum of 20 percent of the award, conditioned to secure payment of collateral inheritance tax on remainder interest and until said tax is paid, and be subject also to said trustee filing appropriate certificate in compliance with section 1112 of the Fiduciaries Act of April 18, 1949, P. L. 512, 20 PS §§320.101.

The net ascertained balance of income for distribution is awarded to Louise B. Gregg.

The account is confirmed, and it is ordered and decreed that Howard B. Brown and Louise B. Gregg, executors, as aforesaid, forthwith pay the distributions herein awarded.

Counsel for accountants shall file a schedule of distribution in duplicate.

And now, June 27, 1957, this adjudication is confirmed nisi.